UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>ALONZO JACKSON BROWN III,<br><br>Movant. | No. 2:11-CR-00249 MCE<br><br><br><br>ORDER |

Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

On May 8, 2014, movant filed the operative amended motion for relief under to 28 U.S.C. § 2255. (ECF No. 47.) By order filed May 20, 2014, the court directed respondent to file its response to the amended motion within 60 days. (ECF No. 48.)

Now pending before the court is respondent's motion for an order finding that movant has waived the attorney-client privilege and the work product doctrine by raising claims of ineffective assistance of counsel. (ECF No. 51.) Respondent's motion is based primarily on the decision in Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003) (en banc). In Bittaker, the Ninth Circuit held that a habeas corpus petitioner who raises an ineffective assistance of counsel claim impliedly waives the attorney-client privilege. Id. at 716, 718-20.  However, the Ninth Circuit also held that the privilege is waived only "to the extent necessary to give [respondent] a fair opportunity to

1

1  defend against [the claim]." Id. at 720. Consequently, discovery of attorney-client
2  communications requires a narrowly-drawn protective order. Id. at 720-25.  Of course, in a
3  § 2255 proceeding, the parties are not automatically entitled to discovery; rather, the party
4  seeking discovery must demonstrate good cause.  Rule 6(a), Fed. R. Governing Section 2255
5  Proceedings.

6       Respondent acknowledges that it has not sought formal discovery in this case.  Instead,
7  respondent states that it "anticipate[s] that [movant's former] counsel will voluntarily comply
8  with requests for information if the Court merely find that there has been a waiver." (ECF No. 51
9  at 4.) Respondent adds, "the government merely requests a waiver finding so that counsel may
10 choose to defend his professional reputation without fear of a claim that privilege was breached.
11 [citation omitted.]  The government is not asking for Court process to compel information from
12 anyone." (Id.)  Finally, the government claims that it requires an order from this court finding that
13 petitioner has waived the attorney-client privilege because, "[f]or purposes of a Section 2255
14 response, [it] cannot admit or deny [movant's] claims without access to information from
15 defendant's former counsel." (Id. 2.)

16      The requirements set forth by the Ninth Circuit in Bittaker, however, cannot be
17 circumvented, even if respondent seeks to employ petitioner's waiver of the privilege in order to
18 conduct informal, rather than formal, discovery.  The Ninth Circuit's reasoning in Bittaker was
19 not tied to the employment of the privilege under the auspices of formal discovery.  The purpose
20 of the protective order, rather, is to "let[ the movant] know how much of the privilege he must
21 waive in order to proceed with his claim." Bittaker, 331 F.3d at 720.  Any waiver must be "no
22 broader than needed to ensure the fairness of the proceedings . . . ." Id.  The reason for this
23 limitation is obvious:  too broad a waiver risks disadvantaging the movant, for he cannot then be
24 put back in the same position he would have been in had his initial representation been error-free.
25 As the Ninth Circuit noted, "Giving the [respondent] the advantage of obtaining the defense case
26 file – and possibly even forcing the first lawyer to testify against the client during the second trial
27 – would assuredly not put the parties back at the same starting gate." Id. at 722-23.  If the court
28 were to issue the waiver sought herein, without any protective order in place, respondent would

1 be able to use the information gathered from movant's counsel at all future stages in the
2 proceedings, without restriction.  While movant has certainly waived the attorney-client privilege
3 and the work product protection to some extent in raising his specific ineffective assistance
4 claims in these proceedings, nothing in Bittaker, or the other cases cited by respondent,
5 contemplates such a broad, unregulated waiver.  Upon a showing of good cause and the issuance
6 of an adequate protective order, the court will permit discovery of communications between
7 movant and his former attorney – but limited to those matters which movant challenges in his §
8 2255 motion pending before the court.  Id. at 718–19.  See also Richardson v. United States, No.
9 C 13-373 RSL, 2014 WL 701524, at *2 (W.D. Wash. Feb. 24, 2014) ("[T]he Court declines to
10 grant the government's request at this time.  If the government wishes to conduct formal
11 discovery to obtain specific documents that are necessary to respond to specific allegations in
12 Petitioner's § 2255 motion, it must comply with the requirements of Rule 6 of the Rules
13 Governing Section 2255 Proceedings."); United States v. Neal, No. CR S-10-0158 GEB DAD P,
14 2013 WL 708589, at *2 (E.D. Cal. Feb 26, 2013); United States v. Kalfsbeek, No. 2:05-cr-0128,
15 2013 WL 129409, at *2 (E.D. Cal. Jan 9, 2013).
16      Respondent also seeks an order granting a 60-day extension of time to respond to the
17 amended motion. (ECF No. 51.)  Movant has not objected to this request and good cause appears,
18 the court will grant it.
19      Accordingly, IT IS HEREBY ORDERED that:
20      1. Respondent's motion for an order finding that movant has waived the attorney-client
21 privilege and the work product doctrine by claiming that his trial court counsel provided
22 ineffective assistance (ECF No. 51) is denied without prejudice to the renewal of the motion
23 accompanied by an appropriate motion for leave to conduct discovery and submission of a
24 proposed protective order.
25 /////
26 /////
27 /////
28 /////

3

2. Respondent's motion for an extension of time to file a response is granted. Respondent is directed to file and serve an opposition to the amended motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 no later than sixty (60) days after service of this order.

Dated: November 6, 2014

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
brow0249.waiv