UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>ALONZO JACKSON BROWN III,<br><br>Respondent. | No. 2:11-cr-0249 MCE DB P<br><br><br><br>ORDER |

Movant Alonzo Jackson Brown III (Brown) is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Brown challenges his December 6, 2012 conviction and sentence on two counts of wire fraud.  He raises several claims for post-conviction relief, including a claim that his trial counsel rendered ineffective assistance in failing to file an appeal after Brown asked him to do so.

In Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000), the United States Supreme Court held that a lawyer's performance is deficient when the lawyer "disregards specific instructions from the defendant to file a notice of appeal."  In United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005), the Ninth Circuit held that "it is ineffective assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be . . . harmful to your client."  Brown alleges that shortly after the conclusion of the change of plea hearing, he asked his trial counsel, Don Heller (Heller), to file a "direct appeal on his behalf."  ECF No. 47 at 27.

1   According to Brown, Heller stated he would file an appeal within fourteen days but then failed to
2   do so.  Id.

3   The government has filed an answer to Brown's § 2255 motion, which includes an
4   amended motion for discovery and a request for an order finding that Brown has waived the
5   attorney-client privilege with respect to this claim of ineffective assistance of counsel.  The
6   government argues that in order to respond to petitioner's claim it requires "written, electronic,
7   and oral communications between the petitioner and Mr. Heller" relating to any discussions about
8   filing an appeal in this matter.  (ECF No. 56 at 18.)  The government also asks leave to obtain a
9   sworn declaration or to take the deposition of Mr. Heller at the U.S. Attorney's Office or the
10  federal courthouse.  (Id. at 18, 19.)  Brown has filed a traverse in which he responds to the
11  government's substantive arguments with respect to his other claims for relief but does not
12  directly respond to or oppose the government's request for discovery or for a finding of a waiver
13  of the attorney-client privilege.  (ECF No. 58.)

14  The government's motion for waiver of the attorney-client privilege is based primarily on
15  the decision in Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003) (en banc).  In Bittaker, the
16  Ninth Circuit held that a habeas corpus petitioner who raises an ineffective assistance of counsel
17  claim impliedly waives the attorney-client privilege.  Id. at 716, 718-20.  However, the privilege
18  is waived only "to the extent necessary to give [respondent] a fair opportunity to defend against
19  [the claim]."  Id. at 720.   The court should impose a waiver "no broader than needed to ensure
20  the fairness of the proceedings before it."  Id.  Consequently, discovery of attorney-client
21  communications requires a narrowly-drawn protective order.  Id. at 720-25.

22  The government has already filed an opposition to Brown's § 2255 motion and the matter
23  stands submitted to the court for decision, with the exception of the ineffective assistance of
24  counsel claim described above.  Thus, the attorney-client privilege has been waived by Brown
25  only insofar as the government requires information necessary to defend against that particular
26  claim.  No other privileged disclosures are necessary to allow the government to defend against
27  other claims contained in Brown's §2255 motion.  Below, the court will issue an order and
28  protective order accordingly.

Pursuant to the Rule 6(a) of the Rules Governing Section 2255 Proceedings, "a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." A party requesting discovery must provide "reasons" for the request. Id. "[D]iscovery is available . . . at the discretion of the district court judge for good cause shown, regardless of whether there is to be an evidentiary hearing." Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997). "A district court in a habeas proceeding 'need not conduct full evidentiary hearings,' but may instead 'expand the record ... with discovery and documentary evidence.'" Williams v. Woodford, 384 F.3d 567, 590 (9th Cir. 2004) (quoting Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (per curiam)). "It may . . . be perfectly appropriate, depending upon the nature of the allegations, for the district court to proceed by requiring that the record be expanded to include letters, documentary evidence, and . . . even affidavits." Phillips v. Ornoski, 673 F.3d 1168, 1179 (9th Cir. 2012) as amended on denial of reh'g and reh'g en banc (May 25, 2012) (quoting Raines v. United States, 423 F.2d 526, 529–30 (4th Cir. 1970)).

The court will grant the government's motion for discovery on petitioner's claim of ineffective assistance of counsel during the appeal process. However, the discovery will be limited to obtaining any written or electronic documents in attorney Heller's control regarding communications between Brown and Heller about the possibility of appealing the judgment and/or sentence in this case. The government may also conduct an oral interview with attorney Heller and obtain a sworn declaration. The court does not find good cause to allow the government to take Heller's deposition or to hold an evidentiary hearing at this time. The government will also be ordered to file an amended answer after receiving discovery in this matter.

Accordingly, good cause appearing, see Bittaker v. Woodford, 331 F.3d 715, 717, n.1 (9th Cir. 2003 (en banc), IT IS HEREBY ORDERED AS FOLLOWS:

1. The government's amended motion for discovery (ECF No. 56) is granted in part.

2. The United States may seek written or electronic information and obtain a declaration from attorney Don Heller, Esq., provided such information is responsive and pertinent to Brown's

3

1    claim that Heller rendered ineffective assistance in failing to file an appeal after Brown requested
2    that he do so.
3           3.  Subject to the protective order issued below, the court declares a waiver of Brown's
4    attorney-client privilege with respect to his claim that his trial counsel rendered ineffective
5    assistance in failing to file an appeal.
6           4.  For purposes of the habeas corpus litigation in this matter, all privileged
7    communications or materials obtained by the United States from defense counsel Don Heller,
8    Esq. for purposes of responding to Brown's claim of ineffective assistance of counsel, as
9    described above, shall be deemed confidential.  Until such time as this court may order otherwise,
10   these communications or materials may be used only by representatives of the United States
11   Attorney's Office and only for purposes of responding to Brown's § 2255 motion.  Disclosure of
12   the contents of the communications or materials themselves may not be made to any other
13   persons or agencies, including any other law enforcement or prosecutorial personnel or agencies,
14   without an order from this court.  The communications and materials may not be used, cited, or
15   relied upon by the government in any habeas corpus or other related proceedings in federal court,
16   or in any future proceedings against Brown, including any possible retrial.  This order shall
17   continue in effect after the conclusion of the habeas corpus proceedings and specifically shall
18   apply in the event of a retrial of all or any portion of Brown's criminal case, except that either
19   party maintains the right to request modification or vacation of this order upon entry of final
20   judgment in this matter.
21          5.  After the government conducts discovery on Brown's claim of ineffective assistance of
22   counsel, respondent shall file an amended answer addressing the merits of that claim, including
23   any request for an evidentiary hearing.  Respondent's amended answer shall be filed within 90
24   days from the date of this order.
25   ////
26   ////
27   ////
28   ////

6. Brown may file an amended traverse within thirty days after the amended answer is filed.

Dated:  November 8, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:8:brown249.disc;orders.prisoner.habeas