FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>ALONZO JACKSON BROWN III,<br><br>Movant. | No. 2:11-cr-0249 TLN DB P<br><br><br>ORDER |
|---|---|

Movant is a former federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant argues the court improperly participated in plea negotiations, he was coerced into pleading guilty, and he received ineffective assistance of counsel. Presently before the court is movant's motion to proceed in forma pauperis (ECF No. 38), his amended petition to vacate, set aside, or correct his sentence (ECF No. 47), the government's motion to dismiss (ECF No. 56), movant's opposition to the motion to dismiss (ECF No. 58), and the government's supplemental response and request to seal (ECF Nos. 70, 71). For the reasons set forth below the court will deny the motion to proceed in forma pauperis, deny the government's request to seal, and grant the parties' request for an evidentiary hearing only as to movant's claim that trial counsel failed to file an appeal.

////

////

**MOTION TO PROCEED IN FORMA PAUPERIS**

Movant filed a motion to proceed in forma pauperis along with his original § 2255 motion. (ECF No. 38.) No filing fee is required for motions brought under 28 U.S.C. § 2255(a). Therefore, movant's motion to proceed in forma pauperis will be denied as moot.

**FACTS AND PROCEDURAL BACKGROUND**

### I. Prior Proceedings

This case was initiated when a criminal complaint was filed on May 23, 2011. (ECF No. 1.) Thereafter, a grand jury indicted movant on nine counts of wire fraud in violation of 18 U.S.C. § 1343. (ECF No. 10.) Movant plead guilty to counts 1 and 7 of the indictment on June 7, 2012. He was sentenced to 63 months in prison and 36 months of supervised release. (ECF No. 29.)

The court dismissed movant's first motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 (ECF No. 36) because it was not signed and directed movant to file a signed, amended motion within 30 days. (ECF No. 42.) Thereafter, movant filed the instant § 2255 motion. (ECF No. 47.) The magistrate judge then assigned to the case directed the government to file a response. (ECF No. 48.) The government filed a motion to dismiss and request for discovery. (ECF No. 56.) Movant filed an opposition to the motion to dismiss. (ECF No. 58.) The government's motion for discovery was granted in part (ECF No. 66), and the government filed a supplemental response to movant's motion to vacate and along with a request to seal. (ECF Nos. 70, 71.)

### II. Motion to Vacate

Movant argues that the district court participated in the plea process in violation of Federal Rule of Criminal Procedure 11, he was coerced into pleading guilty, and his trial counsel, Donald H. Heller ("Mr. Heller"), rendered ineffective assistance of counsel in violation of his rights under the Fifth Amendment. (ECF No. 47 at 4-5, 15-29.) Movant requests an evidentiary hearing to resolve the issues raised in his motion.

////

////

### III. The Government's Opposition

The government argues that movant's waiver of his right to appeal should be considered valid, the record establishes that the trial court did not violate Rule 11, and movant failed to allege sufficient facts to establish his counsel was ineffective. (ECF No. 56 at 6.) In the supplemental response, the government requests an evidentiary hearing to resolve the disputed factual issues related to trial counsel's failure to file a notice of appeal. (ECF No. 70.)

## LEGAL STANDARDS

### I. Motions Pursuant to 28 U.S.C. § 2255

A federal prisoner making a collateral attack against the validity of their conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed the sentence. United States v. Monreal, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. Davis v. United States, 417 U.S. 333, 344-45 (1974); United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, the prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also United States v. Montalvo, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that Brecht's harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." Davis, 417 U.S. at 346; see also United States v. Gianelli, 543 F.3d 1178, 1184 (9th Cir. 2008). Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require the court to hold a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

### II. Ineffective Assistance of Counsel

To succeed on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance was deficient and (2) that the "deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).

**A. Deficient Performance**

Counsel is constitutionally deficient if their representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." Strickland, 466 U.S. at 687-88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 687).

A reviewing court is required to make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 669; see also Richter, 562 U.S. at 107. Reviewing courts must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. This presumption of reasonableness means that the court must "give the attorneys the benefit of the doubt," and must also "affirmatively entertain the range of possible reasons [defense] counsel may have had for proceeding as they did." Cullen v. Pinholster, 563 U.S. 170, 195 (2011) (internal quotation marks and alterations omitted).

A defense attorney has a general duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. See Strickland, 466 U.S. at 691. A claim of negligence in conducting pretrial investigation can form the basis for a claim of ineffective assistance. See United States v. Tucker, 716 F.2d 576, 581 (9th Cir. 1983); Hines v. Enomoto, 658 F.2d 667, 676 (9th Cir. 1981). Counsel must, at a minimum, conduct a reasonable investigation enabling them to make informed decisions about how best to represent their client. See Sanders v. Ratelle, 21 F.3d 1446, 1457 (9th Cir. 1994). Where the decision not to investigate further is taken because of reasonable tactical evaluations, the attorney's performance is not constitutionally deficient. See Siripongs v. Calderon, 133 F.3d 732, 734 (9th Cir. 1998). If counsel reviews the preliminary facts of the case and reasonably decides to pursue only one of two conflicting defense theories, for example, they need not investigate the abandoned defense
////

theory further. See Turk v. White, 116 F.3d 1264, 1267 (9th Cir. 1997); Bean v. Calderon, 163 F.3d 1073, 1082 (9th Cir. 1998).

Thus, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. See Cacoperdo v. Demosthenes, 37 F.3d 504, 508 (9th Cir. 1994) (decision whether to introduce medical evidence largely question of professional judgment). That said, the label of "trial strategy" does not automatically immunize an attorney's performance from Sixth Amendment challenges. See United States v. Span, 75 F.3d 1383, 1389-90 (9th Cir. 1996).

**B. Prejudice**

The second part of the Strickland test requires a movant to show that counsel's conduct prejudiced him. Strickland, 466 U.S. at 691-92. Prejudice is found when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one "'sufficient to undermine confidence in the outcome.'" Summerlin v. Schriro, 427 F.3d 623, 640 (9th Cir. 2005) (quoting Strickland, 466 U.S. at 693). "This does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between Strickland's prejudice standard and a more-probable-that-not standard is slight and matters 'only in the rarest case.'" Richter, 562 U.S. at 112 (quoting Strickland, 466 U.S. at 693). "The likelihood of a different result must be substantial, not just conceivable." Id.

In evaluating prejudice, the court must "compare the evidence that actually was presented to the jury with the evidence that might have been presented had counsel acted differently," Bonin v. Calderon, 59 F.3d 815, 834 (9th Cir. 1995), and evaluate whether the difference between what was presented and what could have been presented is sufficient to "undermine confidence in the outcome" of the proceeding, Strickland, 466 U.S. at 694. Prejudice is established if "there is a reasonable probability that at least on juror would have struck a different balance" between guilty and not guilty. Wiggins v. Smith, 539 U.S. 510, 537 (2003).

When determining whether a movant has been prejudiced, the court considers the cumulative effect of counsel's errors. See Harris v. Wood, 64 F.3d 1432, 1438-39 (9th Cir. 1995)

(finding cumulative prejudice from counsel's performance that was "deficient in eleven ways, eight of them undisputed" which "obviates the need to analyze the individual prejudicial effect of each deficiency," but noting that "some of the deficiencies [may be] individually prejudicial"); see also Montana v. Egelhoff, 518 U.S. 37, 53 (1996) (The combined effect of multiple errors at trial violates due process where it renders the trial fundamentally unfair. (citing Chambers v. Mississippi, 410 U.S. 284 (1973).); Taylor v. Kentucky, 436 U.S. 478, 487 n.15 (1978). The Ninth Circuit has described the standard for evaluating cumulative error on habeas as "determining whether the combined effect of multiple errors rendered a criminal defense 'far less persuasive' and had a 'substantial and injurious effect or influence' on the jury's verdict." Parle v. Runnels, 505 F.3d 922, 928 (9th Cir. 2007) (quoting Strickland, 466 U.S. at 696).

## ANALYSIS

Movant argues that Mr. Heller was ineffective because he failed to file a notice of appeal. (ECF No. 47 at 27.) Movant states that shortly after the December 6, 2012 sentencing hearing, he asked Mr. Heller to file an appeal. Mr. Heller agreed and told movant he would file an appeal within fourteen days. (Id.) Movant waited to hear from Mr. Heller. Movant called Mr. Heller on "numerous occasions," but did not get ahold of him. "Around June or July of 2013, exact dates and times unknown" Mr. Heller answered movant's call. Mr. Heller told movant he was no longer movant's attorney, but stated that he would call the U.S. Attorney's office to see if they would appoint movant an attorney. Thereafter, movant called Heller and asked about the status. Heller told movant there was nothing he could do and hung up on movant. (Id.)

The government submitted a sworn declaration from Mr. Heller stating that movant never instructed him to file an appeal. (Heller Decl. at 2:17-18.) The government requested an evidentiary hearing to resolve this disputed issue of fact. (ECF No. 70 at 2-3.)

The Ninth Circuit explained in United States v. Sandoval-Lopez, 409 F.3d 1193 (9th Cir. 2005) that if a defendant requests that counsel file an appeal, and the attorney refuses to file an appeal, the refusal itself amounts to ineffective assistance of counsel. Id. at 1197 ("it is ineffective assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be contrary to the plea agreement and harmful to your client."). "This is

true even if the defendant waived the right to appeal, does not have a non-frivolous ground for a direct appeal, and the appellant may spend more time in prison that she would if she had not appealed." United States v. Lamere, 333 Fed.Appx. 336, 337 (9th Cir. 2009). Thus, if movant asked Mr. Heller to file an appeal and Mr. Heller refused, then this court must find that Mr. Heller rendered ineffective assistance of counsel. Id. Because the record contains conflicting statements regarding whether movant asked Mr. Heller to file an appeal, the court is unable to determine whether movant is entitled to relief without an evidentiary hearing. United States v. Baylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (movant is entitled to an evidentiary hearing if the district court, accepting movant's allegations as true, determines he could prevail on his claim); United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989) (evidentiary hearings are particularly appropriate when "claims raise facts which occurred out of the courtroom and off the record").

Therefore, the parties' request that the court hold an evidentiary hearing to resolve the disputed issue of fact regarding movant's allegation that Mr. Heller failed to file an appeal will be granted.

**REQUEST TO SEAL**

The government requested that the declaration provided by Mr. Heller filed along with the government's supplemental response be sealed. (ECF No. 71.) In support of the request the government stated that the request was being made "out of an abundance of caution to prevent the disclosure of information potentially covered" by the court's protective order, but that it had "no objection" to the public filing of the declaration. (Id. at 2.) Movant has not filed anything in response to the request to seal.

Because there is a common law right of access to judicial records, petitioner must show that "compelling reasons" supported by "specific factual findings" justify sealing. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009) (citing Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)); see also E.D. Cal. R. 141.1(a)(1) ("All information provided to the Court in a specific action is presumptively public, but may be sealed in conformance with L.R. 141."); E.D. Cal. R. 141(a) ("Documents may be sealed only by written order of the Court, upon the showing required by applicable law."). The government has not

indicated any compelling reason supported by specific facts sufficient to warrant sealing Mr. Heller's declaration. Accordingly, the court will deny the request to seal without prejudice to its renewal.

**CONCLUSION**

For the reasons set forth above and good cause appearing, IT IS HEREBY ORDERED that:

1. Movant's motion to proceed in forma pauperis (ECF No. 38) is denied as moot.
2. The government's request to seal (ECF No. 71) is denied without prejudice.
3. The parties' request for an evidentiary hearing on movant's claim that Mr. Heller failed to file an appeal is granted.
4. The court has determined that the interests of justice may require the appointment of counsel for movant at an evidentiary hearing. See 18 U.S.C. § 3006A(a)(2)(B); see also Rules Governing § 2255 Cases, Rule 8(c). Within thirty days of the date of this order the Federal Defender shall advise whether movant qualifies for the appointment of counsel and shall recommend counsel to the court.
5. If counsel is appointed, movant's counsel shall contact the Clerks's Office to make arrangements to obtain copies of the documents in the file.
6. The court will sua sponte set this matter for status conference after counsel is appointed or it is determined that movant does not qualify for counsel.
7. The Clerk of the Court shall serve a copy of this order on the Federal Defender, Attention: Habeas Appointment.

Dated: November 17, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/brow0249.2255 ev hrg