UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-cr-00249-DAD-DB |
| Plaintiff-Respondent, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTION BROUGHT PURSUANT TO 28 U.S.C. § 2255 |
| v. | |
| ALONZO JACKSON BROWN III, | (Doc. Nos. 47, 103) |
| Defendant-Movant. | |

Movant is a former federal prisoner proceeding pro se with an amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] (Doc. No. 47.) Therein, movant argues that the district judge in his case improperly participated in plea negotiations, he was coerced into pleading guilty, and he received ineffective assistance from his trial court counsel. On February 28, 2017, the government filed an opposition/supplemental response to movant's amended motion. (Doc. No. 70.) On August 9, 2022, an evidentiary hearing was held in connection with the motion before the then assigned magistrate judge. (Doc. No. 99.)[2] On September 9, 2022, the government filed its post-evidentiary hearing supplemental brief in

---

[1] Movant had originally filed his § 2255 motion on December 9, 2013 (Doc. No. 36) but failed to sign it. The amended motion filed May 8, 2014 (Doc. No. 47) was properly signed.

[2] On August 25, 2022, the case was reassigned to the undersigned district judge. (Doc. No. 101.)

1

1  opposition to the motion.  (Doc. No. 102.)  No supplemental post-evidentiary hearing briefing
2  was submitted on behalf of movant.

3  On December 27, 2022, the assigned magistrate judge issued findings and
4  recommendations recommending that movant's § 2255 motion be denied on the merits.  (Doc.
5  No. 103.)[3]  Those findings and recommendations were served on the parties and contained notice
6  that any objections thereto were to be filed within thirty (30) days after service of the findings and
7  recommendations and that any response to objections be filed within fourteen (14) days of service
8  of objections.  (*Id.*)  On January 17, 2023, the stipulation of the parties extending the time for the
9  filing of any objections to February 27, 2023, was adopted by the court.  (Doc. No. 105.)
10 Nonetheless, no objections to the pending findings and recommendations have been filed by
11 movant and the time to do so has now passed.

12  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
13 *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the
14 pending findings and recommendations are supported by the record and proper analysis.

15 Having concluded that the pending § 2255 motion must be denied, the court will also
16 decline to issue a certificate of appealability.  In this regard, a movant cannot appeal from the
17 denial or dismissal of her § 2255 motion unless she has first obtained a certificate of
18 appealability.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  To obtain a certificate of
19 appealability under 28 U.S.C. § 2253(c), a movant "must make a substantial showing of the
20 denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate
21 whether (or, for that matter, agree that) the [motion] should have been resolved in a different
22 manner or that the issues presented were 'adequate to deserve encouragement to proceed
23 further.'"  *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S.
24 880, 893 n.4 (1983)).  Here, movant has failed to make the required showing.

---

[3] The pending findings and recommendations recommend that movant be denied relief as to his claim that he received ineffective assistance from his counsel who he asserts failed to file a notice of appeal on his behalf following sentencing.  (Doc. No. 103 at 15–16.)  Notably, the magistrate judge found that movant's testimony at the evidentiary hearing conducted in this case that he had asked his attorney to file a notice of appeal was not credible.  (*Id.*)

2

For these reasons:

1. The findings and recommendations filed December 27, 2022 (Doc. No. 103) are adopted in full;

2. Movant's amended motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255 (Doc. No. 47) is denied;

3. The court declines to issue a certificate of appealability under 22 U.S.C. § 2253(c); and

4. The Clerk of Court is directed to close this case as well as the companion civil case No. 2:13-cv-2555-DAD-DB.

IT IS SO ORDERED.

Dated: **March 27, 2023**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

3